UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| NANCY PENCIL, | : | Case No. 3:10-cv-394 |
| | : | |
| Plaintiff, | : | Judge Timothy S. Black |
| | : | Magistrate Judge Michael R. Merz |
| vs. | : | |
| | : | |
| MICHAEL J. ASTRUE, | : | |
| Commissioner of Social Security, | : | |
| | : | |
| Defendant. | : | |

**DECISION AND ENTRY: (1) DECLINING TO ADOPT THE REPORT AND RECOMMENDATIONS OF THE MAGISTRATE JUDGE (DOC. 17); (2) SUSTAINING PLAINTIFF'S OBJECTIONS (DOC. 18); AND (3) GRANTING PLAINTIFF'S MOTION FOR ALLOWANCE OF ATTORNEY FEES (DOC. 16)**

This case is before the Court on Plaintiff's Motion for Allowance of Attorney Fees. (Doc. 16). Plaintiff's counsel seeks an award of attorney fees in the amount of $11,745.98, pursuant to 42 U.S.C. § 402(b), which is equal to twenty-five percent of Plaintiff's past due benefits awarded. United States Magistrate Judge Michael R. Merz entered a Report and Recommendations recommending that Plaintiff's Motion be granted, but that fees be awarded only to the extent of $7,740. (Doc. 17). Plaintiff filed an Objection to the Report and Recommendations. (Doc. 18). The Commissioner did not object to the reasonableness of the fee requested in the motion, but in a response to Plaintiff's objections stated that its declination to object to the motion "should [not] in any way be interpreted ass support for Plaintiff's position. (Doc. 19). The Motion and Objection is now ripe for decision.

"[A]n award in the amount of twenty-five percent of the past due benefits is presumptively appropriate so long as it is derived from a contingent fee contract between counsel and the claimant permitting that amount to be charged." *Cabrera v. Comm'r of Soc. Sec.*, No. 2:08-cv-1087, 2011 WL 4360019, at *1 (S.D. Ohio Sept. 19, 2011) (citing *Rodriguez v. Bowen*, 865 F.2d 739 (6th Cir. 1989)). The twenty-five percent of past-due benefits is to be calculated based upon "the benefits which accrued up to the date three months after the case became ripe for decision." *Id*. (citing *Dearing v. Sec. of HHS*, 815 F.2d 1082 (6th Cir. 1987)).

"[A] 25% fee agreement 'should be given the weight ordinarily accorded a rebuttable presumption.'" *Townsend v. Astrue*, No. 3:07-cv-267, 2010 WL 2598201, at *1 (S.D. Ohio Jun. 2, 2010) (citing *Rodriguez*, 865 F.2d at 746). A fee should be deducted only in situations involving "improper conduct or ineffectiveness of counsel" or "situations in which counsel would otherwise enjoy a windfall because of either an inordinately large benefit award or from minimal effort expended." *Id*.

Generally, a contingency fee that amounts to twice the attorney's "standard hourly rate is *per se* reasonable and establishes a floor for awarding of attorneys' fees below which the District Court may not ordinarily drop on the grounds that counsel is receiving a windfall from an award in excess of his or her usual hourly rate." *Cabrera*, 2011 WL 4360019, at *1 (citing *Hayes v. Sec. of HHS*, 923 F.2d 418 (6th Cir. 1991). Simply put:

> The District Court can reduce a fee request, especially one which asks for more than twice the normal hourly rate, if a disproportionate amount of the lawyer's time charged is for services ordinarily performed by clerical or paralegal staff; if the case is not particularly difficult or complex; if there was some improper or ineffective action taken by counsel during the course of the case; or if the fee was not truly contingent, as in the situation where no fee agreement is signed until after the benefits award has already been made.

*Id*. (citing *Damron v. Comm'r of Soc. Sec.*, 104 F.3d 853 (6th Cir.1997)).

Here, counsel evidences a total of 21.5 hours spent representing Plaintiff. The $11,745.98 fee requested for the 21.5 hours of work results in a hypothetical hourly rate of $546.32. Plaintiff's attorney does not present evidence of the actual hourly rate charged by attorneys at his firm, but suggests that it would be at least $250. The Magistrate Judge analyzed the appropriateness of the requested fee based upon a conservative hourly rate of $180, which is the main focus of counsel's Objection to the Magistrate Judge's Report and Recommendations.

The Court's reference to an Ohio State Bar Association survey titled, "The Economics of Law Practice in Ohio," shows that the median hourly rate of attorneys in Dayton, Ohio is $200. *See* The Economics of Law Practice in Ohio, Ohio State Bar Association (https://www.ohiobar.org/General%20Resources/pub/2010_Economics_ of_Law_Practice_Study.pdf).[1] In addition, the hourly rate of the 75th percentile of

---

[1] The Court notes that "[o]n several occasions, the Sixth Circuit has approved of the use of a state bar survey of hourly billing rates in determining a reasonable hourly rate." *Doe v. Ohio*, No. 2:01-cv-464, 2010 WL 2854106 at *4 (S.D. Ohio Jul. 19, 2010) (citing *Gonter v. Hunt Valve Co., Inc.*, 510 F.3d 610, 618 n. 6 (6th Cir.2007); *Auto Alliance Int'l Inc. v. United States Customs Serv.*, 155 Fed. Appx. 226, 228 (6th Cir.2005)).

attorneys in Dayton is $250. (*Id*.) The hourly rate of the 95th percentile of attorneys in Dayton is $305. (*Id*.)

The Court is comfortable finding that, based upon the skill and experience of Plaintiff's counsel, an appropriate hourly rate would be more in line with the fees charged by at least the 75th percentile of attorneys in Dayton, *i.e.*, an hourly fee in excess of $250. *See Hopper v. Comm'r of Soc. Sec.*, No. 3:05-cv-115 (S.D. Ohio Jun. 17, 2008) (finding that, with regard to Plaintiff's counsel in this case, "$270 is within the range of hourly rates being charged by attorney's with the experience of Plaintiff's counsel").

Even if the hypothetical hourly rate fell within the range of what may be perceived as a windfall, Plaintiff's counsel's work on behalf of Plaintiff resulted in a significant, though not inordinate, award of past-due benefits. Further, Plaintiff voluntarily entered into the contingency fee agreement with counsel and counsel undertook and assumed the risk of non-payment. Finally, as stated by the Magistrate Judge, there is no suggestion of impropriety regarding the agreement between Plaintiff and counsel.

Accordingly, finding the fee requested to be reasonable, the Court declines to adopt the Report and Recommendations of the Magistrate Judge, **SUSTAINS** Plaintiff's Objection (Doc. 18) and **GRANTS** the Motion for Allowance of Attorney Fees (Doc. 16) in the amount of $11,745.98.

    **IT IS SO ORDERED**.

Date: 9/24/12                                  *s/ Timothy S. Black*
                                             Timothy S. Black
                                             United States District Judge